**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2009

Charles R. Fulbruge III
Clerk

No. 08-60005
Summary Calendar

JIZI CUI

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 677 641

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jizi Cui, a native and citizen of the People's Republic of China, petitions this court for review of the Board of Immigration Appeals (BIA) decision on December 5, 2007, denying her July 13, 2007 motion to reopen her removal proceedings as untimely under 8 C.F.R. § 1003.2(c)(2). Cui also has filed a petition for review of the BIA's decision on June 6, 2008, denying her "Motion to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Reconsider, Motion to Amend, Motion to Consolidate, Motion to Remand, Motion for Sua Sponte En Banc Review, and Motion for Stay of Removal."

Cui argues that the BIA erred by refusing to apply equitable tolling to excuse the untimeliness of her July 13, 2007 motion to reopen. She contends that equitable tolling should have been applied on the basis of ineffective assistance of counsel. Cui also argues that her Fifth Amendment right to due process was violated because ineffective assistance of counsel has rendered her removal proceedings fundamentally unfair. With respect to her petition for review of the BIA's June 6, 2008 decision, the arguments in Cui's brief pertain only to the BIA's denial of reconsideration of its December 5, 2007 decision, and Cui has waived any argument challenging the BIA's denial of her other motions by failing to brief any such arguments. *See Calderon-Ontiveros v. INS*, 809 F.2d 1050, 1052 (5th Cir. 1986).

Cui's argument that the time limitations period set forth in § 1003.2(c)(2) should have been equitably tolled on the basis of ineffective assistance of counsel "is in essence an argument that the BIA should have exercised its discretion to reopen the proceeding sua sponte based upon the doctrine of equitable tolling." *Ramos-Bonilla*, 543 F.3d at 220 (internal quotation marks and citation omitted). Therefore, this court lacks jurisdiction to review the BIA's decisions denying Cui's untimely motion to reopen and her motion for reconsideration. *See id.*; *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004).

To the extent that Cui argues that equitable tolling should be applied to protect her due process rights with regard to the BIA's denial of her motion to reopen, her argument is unavailing. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006) (recognizing that there is no liberty interest at stake in a motion to reopen). To the extent that Cui's argument concerning due process challenges decisions other than the BIA's December 5, 2007 decision denying her motion to reopen or the BIA's June 6, 2008 decision denying her motion for

2

reconsideration, this court lacks jurisdiction to consider to her argument because any such decision is outside the scope of the petitions for review before this court. *See* 8 U.S.C. § 1252(a)(5), (b).

PETITIONS DISMISSED.