United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

)))))))))))))))))))))))))))
No. 04-60976
Summary Calendar
)))))))))))))))))))))))))))

HERIBERTO ALTAMIRANO-LOPEZ,

Petitioner,

versus

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent,

---

Petition for Review from an Order of the
Board of Immigration Appeals

---

Before SMITH, GARZA, AND PRADO, Circuit Judges.

PER CURIAM:

The question presented in this case is whether the Board of Immigration Appeals ("BIA") erred by affirming the Immigration Judge's ("IJ") denial of Heriberto Ismael Altamirano Lopez's "Altamirano" motion to reopen removal proceedings.[1] Because we find that the motion was properly denied, we DENY the petition for review

---

[1] While Petitioner states that 8 U.S.C. § 1229a(c)(6) provides for motions to reopen, that section of the Code discusses motions to reconsider. Title 8 U.S.C. § 1229a(c)(7) governs motions to reopen. The analysis, however, will be the same, regardless of the section relied on by the parties.

and AFFIRM the judgement of the BIA.

I.   BACKGROUND

Altamirano, a native Nicaraguan, entered the United States, without inspection, near Laredo, Texas on March 19, 2004. Consequently, he was charged criminally with a violation of 8 U.S.C. § 1325(a)(1).[2]   Upon entry of his guilty plea, Petitioner was sentenced to thirty days imprisonment, and was remanded to the custody of the Attorney General.

On April 5, 2004, while serving his sentence, Altamirano executed a stipulated request for an order to be removed from the United States, which was also signed by the Department of Homeland Security.  The stipulation was submitted to the Immigration Court, which issued the removal order on April 9, 2004.

On May 11, 2004, Petitioner filed a motion to reopen his removal proceeding, asserting that he did not voluntarily, knowingly, and intelligently execute the stipulated request for removal.  The IJ held a video-conference hearing with Altamirano and 19 other detainees who asserted similar claims.  Petitioner alleges that, at the hearing, the IJ favored questioning Altamirano himself,

---

[2] Title  8 U.S.C. § 1325(a)(1) provides that "[a]ny alien who enters or attempts to enter the United States at any time or place other than as designated by immigration officers... shall, for the first commission of any such offense, be fined under Title 18 or imprisoned not more than 6 months, or both, and, for a subsequent commission of any such offense, be fined under Title 18, or imprisoned not more than 2 years, or both."  8 U.S.C. § 1325(a)(1).

and refused to allow Petitioner's attorney to question him. Additionally, Altamirano claims that the IJ ended his testimony before he finished speaking. Furthermore, Petitioner maintains that the IJ took into account a sworn affidavit submitted by a deportation officer after the close of the hearing. In the affidavit, the officer purported that he had a conversation with Altamirano regarding his understanding of the stipulated waiver. Finally, Altamirano complains that the IJ failed to create and preserve a record of the hearing.

After the hearing, the IJ denied Altamirano's motion, finding that there was no evidence to support the claim that Altamirano was not advised of his rights or had problems which would minimize his comprehension.

On September 30, 2004, the BIA adopted and affirmed the IJ's decision. The BIA acknowledged that Altamirano had been advised of his rights in writing, in Spanish, prior to signing the stipulated request upon which his removal order was based, and that the record was lacking of any evidence that Altamirano did not voluntarily, knowingly, and intelligently sign the request. Moreover, the BIA noted that the stipulated request itself contains adequate advice and warnings in both English and Spanish.

Petitioner appeals, claiming that when it considered this motion to reopen, the BIA erred in affirming the IJ's conduct that he alleges deprived him of a fair hearing.

II. DISCUSSION

While this Court reviews a denial of a motion to reopen under a "highly deferential abuse-of-discretion standard," *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005), we review constitutional challenges *de novo*. *Soadjede v. Ashcroft*, 324 F.3d 830, 831 (5th Cir. 2003). Additionally, motions to reopen deportation proceedings are "disfavored," and the moving party bears a "heavy burden." *INS v. Abudu*, 485 U.S. 94, 107-08 (1988).

Altamirano makes two main arguments: 1) the hearing on Petitioner's Motion to Reopen deprived him of the due process protections provided by 8 U.S.C. § 1229a(b)(4)[3]; and 2) the hearing on Petitioner's Motion to Reopen deprived him of constitutional due process. We will consider each claim in turn.

A.   *Petitioner's Statutory Claim*

---

[3] Title 8 U.S.C. § 1229a(b)(4) provides:
In proceedings under this section, under regulations of the Attorney General– (A) the alien shall have the privilege of being represented, at no expense to the Government, by counsel of the alien's choosing who is authorized to practice in such proceedings, (B) the alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government but these rights shall not entitle the alien to examine such national security information as the Government may proffer in opposition to the alien's admission to the United States or to an application by the alien for discretionary relief under this chapter, and (C) a complete record shall be kept of all testimony and evidence produced at the proceeding.

The Petitioner argues that the IJ violated his rights pursuant to 8 U.S.C. § 1229a(b)(4) by not allowing his attorney to question him, ending his testimony before he finished speaking, taking into account a sworn affidavit submitted by a deportation officer after the close of the hearing, and by failing to create and preserve a record of the hearing. Title 8 U.S.C. § 1229a(b)(4), however, applies to removal proceedings -- not to motions to reopen. Motions to reopen are motions to reconvene removal proceedings. To that end, motions to reopen help to serve the due process requirements associated with removal proceedings. Like section 1229a(b)(4), subsection 1229a(c)(7) applies to "proceedings under [§ 1229a]," or removal proceedings. Because the hearing on the motion to reopen was not a removal proceeding, the Petitioner is not entitled to the rights enumerated in 8 U.S.C. § 1229a(b)(4). Moreover, neither the Immigration and Nationality Act, nor 8 C.F.R. § 1003.23, the section of the regulations governing motions to reopen, provides for any of the safeguards that Petitioner claims were denied.

B.   *Petitioner's Fifth Amendment Claim*

Petitioner also claims that the IJ violated his rights pursuant to the Due Process Clause by not allowing his attorney to question him, ending his testimony before he finished speaking, taking into account a sworn affidavit submitted by a deportation officer after the close of the hearing, and by failing to create and preserve a record of the hearing. Because we determine that there is no

liberty interest at stake in a motion to reopen, Altamirano cannot establish a due process violation. The decision to grant or deny a motion to reopen is purely discretionary. 8 C.F.R. § 1003.23(b)(1)(iv). Even if a moving party has established a prima facie case for relief, an IJ can still deny a motion to reopen. 8 C.F.R. § 1003.23(b)(3). As we stated in *Finlay v. INS*, "the denial of discretionary relief does not rise to the level of a constitutional violation even if [the moving party] had been eligible for it." *Finlay*, 210 F.3d 556, 557 (5th Cir. 2000); *see also, Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004)("[Petitioner's] motion to reopen does not allege a violation of his Fifth Amendment right to due process because 'the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.'") (citation omitted). Furthermore, when considering motions to reopen, many judges merely consult the parties' pleadings without even holding a hearing. *See, e.g.*, *Ahwazi v. INS*, 751 F.2d 1120, 1122-23 (9th Cir. 1985). Hence, because there is no liberty interest at stake in a motion to reopen, Altamirano cannot establish a due process violation under the Fifth Amendment. Additionally, we find no other evidence that the IJ abused his discretion in denying Petitioner's motion.

III. CONCLUSION

-6-

For the foregoing reasons, we DENY the petition for review and AFFIRM the judgment of the BIA affirming the Immigration Judge's denial of Altamirano's motion to reopen removal proceedings.

AFFIRMED.