United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-60273
Summary Calendar

RONNIE ADRIAN WILSON,

Petitioner,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL,

Respondent.

--------------------------------------------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A34 607 336
--------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie Adrian Wilson, a native and citizen of Trinidad, petitions for review of the order of

the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings on

the basis of *INS v. St. Cyr*, 533 U.S. 289 (2001), and of amended immigration regulations providing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

for the filing of "special" motions to reopen pursuant to the rationale of *St. Cyr*. *See* 8 C.F.R. § 1003.44.

We review the denial of a motion to reopen under a "'highly deferential abuse-of-discretion standard.'" *Altimirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (citation omitted). Motions to reopen removal proceedings are "'disfavored,'" and "the moving party bears a 'heavy burden.'" *Id*. (citation omitted). We review the BIA's conclusions of law de novo, but "defer to the BIA's interpretations of immigration regulations if that interpretation is reasonable." *Hernandez-Castillo v. Moore*, 436 F.3d 516, 519 (5th Cir. 2006), *petition for cert. filed* (Mar. 28, 2006) (No. 05-1251).

The BIA did not abuse its discretion in denying Wilson's "special" motion to reopen. First, Wilson was prohibited by the very regulation on which he relies from filing a <u>second</u> motion to reopen based on *St. Cyr*. *See* 8 C.F.R. § 1003.44(g)(3). In any event, Wilson's *St. Cyr* claim was meritless. The "aggravated felony" forgery offense to which Wilson pleaded guilty on May 31, 1996, did not qualify as an "aggravated felony" under 8 U.S.C.
§ 1101(a)(43)(R) at the time he entered the plea. However, Congress explicitly included Wilson's offense as an aggravated felony as part of an explicitly retroactive redefinition of his offense, in § 321 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which became effective on April 1, 1997. *See St. Cyr*, 533 U.S. at 319.

Wilson's petition for review is DENIED.