# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 26, 2007

Charles R. Fulbruge III
Clerk

No. 07-60200
Summary Calendar

ANA INEZ GUTIERREZ-GARCIA

Petitioner

v.

MICHAEL B MUKASEY,  U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29-966-728

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Ana Inez Gutierrez-Garcia is a native and citizen of Guatemala. She petitions, pro se, for review of the Board of Immigration Appeals' (BIA) affirmance of the immigration judge's (IJ) denial of her motion to reopen removal proceedings, and denial of her motion for a remand. While questions of law are reviewed de novo, we "accord deference to the BIA's interpretation of immigration statutes unless the record reveals compelling evidence that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA's interpretation is incorrect". Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997) (citing Rojas v. INS, 937 F.2d 186, 189 (5th Cir. 1991)). The BIA's affirmance of an IJ's denial of a motion to reopen removal proceedings is reviewed for an abuse of discretion. See, e.g., Altamirano-Lopez v. Gonzales, 435 F.3d 547, 549 (5th Cir. 2006). Motions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden. Id.

Gutierrez was required to file a motion to reopen within 180 days of the in absentia deportation order. 8 U.S.C. § 1229a(b)(5)(C)(i). That order was dated 24 April 1990. Gutierrez did not file her motion to reopen the proceedings until 9 July 2004, 14 years later. Additionally, as this is her second motion to reopen, it was improvidently filed, given that she was entitled to file only one motion to reopen. Id. § 1229a(c)(7)(A), (c)(7)(C)(iii). Thus, the BIA's affirmance of the IJ's denial of Gutierrez' motion to reopen, based on her delay in seeking such relief, was not an abuse of discretion. See Altamirano-Lopez, 435 F.3d at 549.

BIA regulations do not specifically authorize motions to remand. Nevertheless, as noted supra, we review the BIA's denial of a motion to remand for an abuse of discretion. See, e.g., Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993). The BIA must deny a motion to remand if it finds the movant has not introduced previously unavailable, material evidence, or if the movant has not established a prima facie case for the underlying substantive relief sought. Id. at 599-600. Because, as discussed above, Gutierrez has not established a prima facie case for reopening the removal proceedings, the BIA did not abuse its discretion when it denied her motion for a remand. See id.

DENIED.