REVISED OCTOBER 1, 2008
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60575
Summary Calendar

JOSE LIZANDRO GARCIA

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 945 953

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Jose Lizandro Garcia petitions for review of an order of the Board of
Immigration Appeals ("BIA") dismissing his appeal of the Immigration Judge's
("IJ") denials of his motion to reopen deportation proceedings and his motion for
reconsideration of that denial. Garcia argues that he was not properly served
with the Order to Show Cause and that the IJ erred in finding that his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

application for relief under the Nicaraguan Adjustment and Central American Relief Act ("NACARA") was untimely.

This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 348 (5th Cir. 2002). This court reviews the BIA's affirmance of an IJ's denial of a motion to reopen for an abuse of discretion. Altamirano-Lopez v. Gonzales, 435 F.3d 547, 549 (5th Cir. 2006). Motions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden. Id.

Garcia has not shown that the BIA abused its discretion in finding that the Order to Show Cause was properly served. The certificate of service and accompanying fingerprint on the Order to Show Cause support a finding that it was personally served on him. Garcia does not address these facts in his brief, and he has submitted no evidence to support his assertion that the Order to Show Cause was not served.

Also, an alien seeking to reopen deportation proceedings under NACARA must file a motion to reopen no later than September 11, 1998. 8 C.F.R. § 1003.43(e)(1). It seems undisputed that Garcia filed a motion on September 10, 1998, but the motion was not complete without supporting documents. The motion to reopen "shall be considered complete at the time of submission of an application" which "must be submitted no later than November 18, 1999." Id. § 1003.43(e)(2). "If the alien fails to submit the required application on or before November 18, 1999, the motion will be denied as abandoned." Id. § 1003.43(e)(3).

While Garcia filed a motion to reopen before the September 11, 1998 deadline, the Immigration Judge correctly concluded that Garcia's submissions were not complete because he did not file his application for suspension of deportation until November 2001. See See Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248 (5th Cir. 2004) (holding that the court was deprived of jurisdiction

to consider the NACARA claim where petitioner failed to meet the filing deadline).

Garcia's petition for review is DENIED.