**IMG-155**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3229
_____

SALIH HOT; VALJBONA HOT,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A72 019 096 and A72 019 097)
Immigration Judge:  Honorable Frederic Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010

Before:  RENDELL, FISHER and GARTH, Circuit Judges.

(Filed: April 12, 2010)
_____

OPINION
_____

PER CURIAM

Salih Hot and his wife Valjbona Hot petition for review of a Board of Immigration

Appeals ("BIA") decision dismissing their appeal of an Immigration Judge's ("IJ")

decision denying their second motion to reopen their immigration proceedings. We will deny the petition for review.

The Hots are natives and citizens of the former Yugoslavia. They came to the United States in 1991. Shortly thereafter, Salih Hot filed an asylum application claiming that he and his wife feared persecution by Serbians on account of their Albanian ethnicity and Muslim religion. In 1995, the Immigration and Naturalization Service issued orders to show cause charging that the Hots were subject to deportation because they entered the United States without inspection. Through counsel, the Hots filed amended asylum applications and conceded their deportability. The Hots then withdrew their asylum applications and requested voluntary departure, which was granted in 1996.

The Hots, however, did not depart the United States and U.S. Immigration and Customs Enforcement detained Salih Hot in 2007. Valjbona Hot was placed under an order of supervision. The Hots then moved to reopen their proceedings claiming ineffective assistance of their former counsel and changed country conditions. The IJ denied the motion, concluding that the motion was untimely and that tolling of the filing deadline was not warranted. The IJ stated that the Hots had submitted no evidence in support of their motion and that it was unclear what kept them from seeking to reopen the proceedings over the last decade. The IJ also noted that the Hots had failed to comply with the procedural requirements of Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988), applicable to an ineffective assistance of counsel claim. The Hots did not appeal the IJ's order.

2

The Hots then filed a second motion to reopen the proceedings claiming ineffective assistance of the lawyer they had retained in 1996 and the lawyer who had filed their first motion to reopen. The Hots asserted that in 1996 their lawyer falsely told them that, if they did not accept voluntary departure, they would be detained and deported. They stated that soon after the hearing they sought help from several other attorneys. One attorney unsuccessfully tried to extend the voluntary departure period; another filed a Freedom of Information Act Request on their behalf. The lawyers told them "nothing could be done for [them]." A.R. at 67. The Hots further stated that Valjbona Hot suffered from serious health problems in 2000 and was diagnosed with Bell's Palsy. They stated that her health problems and their financial difficulties precluded them from seeking other counsel.

The IJ again found the motion untimely and decided that tolling the filing deadline was not warranted. The IJ stated that the Hots did not act with due diligence, noting that it was still unclear what fraud kept them from filing a motion to reopen within the past decade. The IJ also stated that they had submitted no new evidence supporting a claim of asylum or evidence of changed country conditions that would excuse compliance with the filing deadline. The IJ also denied the motion based on a failure to make out a prima facie claim for relief and submit an application for relief. Finally, the IJ declined to exercise his discretion and reopen the proceedings.

On appeal, the BIA rejected the Hots' argument that the IJ erred in finding that they did not act with due diligence. The Hots argued they did not understand that their

3

asylum applications had been withdrawn until 2007. The BIA found this contention unsupported by the record and inconsistent with their claim that they had consulted several attorneys who told them over the next several years that nothing could be done. The BIA also found that due diligence was not established for the eleven year period at issue. The BIA recognized Valjbona Hot's illness in 2000 but stated that the evidence did not explain the subsequent delay of over seven years in filing the first motion to reopen. The BIA also agreed with the IJ that the Hots failed to establish their eligibility for relief and submit the requisite application. This petition for review followed.

We review the denial of a motion to reopen for abuse of discretion and review the BIA's underlying factual conclusions related to the motion for substantial evidence. Caushi v. Attorney General, 436 F.3d 220, 225-26 (3d Cir. 2006). The BIA's denial of a motion to reopen may only be reversed if it is arbitrary, irrational, or contrary to law. Id.

The Hots argue in their brief that the BIA erred in dismissing their appeal where they satisfied the procedural requirements of Lozada and established the ineffective assistance of their former counsel. The Hots recognize the BIA's finding that they failed to show due diligence, but they argue that they explained how their attorneys prevented them from pursuing their case and why they were unable to file their motion earlier. They state that their attorney led them to believe that accepting voluntary departure was their only option and that they consulted with other attorneys after the voluntary departure order was issued. The Hots contend that Valjbona's health issues exacerbated their inability to seek competent counsel and attempt to legalize their status. They state that

4

they filed their motion at the earliest date following their discovery of ineffective assistance of counsel.

As recognized by the BIA, ineffective assistance of counsel may serve as a basis for equitable tolling of the filing deadline for a motion to reopen, but an alien must establish that he exercised due diligence. Mahmood v. Gonzales, 427 F.3d 248, 251-52 (3d Cir. 2005). Although the Hots believed they had no other option but to seek voluntary departure, they were aware of the result of the 1996 proceedings and consulted with several attorneys after those proceedings concluded. Even if we assume that the Hots acted with due diligence at this time, we agree with the BIA that the Hots did not establish that they exercised due diligence throughout the eleven-year period before they filed their first motion to reopen. See id. at 253 (holding tolling not warranted where "periods of unaccounted-for delay reveal[ed] a lack of diligence"). The record reflects that Valjbona Hot became ill in 2000, but, as noted by the BIA, the Hots did not explain how her illness prevented them from pursuing their claim for the next seven years. The Hots have not shown that the BIA abused its discretion in denying their second motion to reopen based on a lack of due diligence.[1]

The Hots also argue that their rights to due process were violated as a result of the failure of the IJ and BIA to consider all of the evidence supporting their ineffective

---

[1]Based on this conclusion, it is unnecessary to address the BIA's statement that the Hots also failed to establish their eligibility for relief and submit the requisite application. The Hots do not challenge the BIA's decision in this regard in their brief.

5

assistance of counsel claims.  The Hots, however, do not have a cognizable due process claim because there is no liberty interest at stake in a motion to reopen immigration proceedings, a discretionary form of relief.  Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550-51 (5th Cir. 2006).  See also United States v. Torres, 383 F.3d 92, 104-05 (3d Cir. 2004) (holding aliens do not have a due process interest in being considered for discretionary relief).

Accordingly, we will deny the petition for review.