# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2011

No. 10-60092
Summary Calendar

Lyle W. Cayce
Clerk

HASMUKHBHAI LAD,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 561 998

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Hasmukhbhai Lad, a native and citizen of India, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings.  He entered the United States without being admitted or paroled in March 1994.  In May 2004, Lad married Vaishali Babybhai Mistry, a native of India and a lawful permanent resident of the United States.  Vaishali petitioned for a relative visa for Lad in 2005, and she became a United States citizen in 2008.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Meanwhile, on August 26, 2004, the Department of Homeland Security (DHS) charged that Lad was subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) as an inadmissible alien who was present in the United States without having been admitted or paroled. Lad admitted the charge, but sought cancellation of removal under 8 U.S.C. § 1229b(b) and requested voluntary departure. The IJ denied the request for cancellation of removal, granted Lad voluntary departure, and entered an alternate order of removal to India that would become effective if Lad failed to depart voluntarily by January 14, 2008. The BIA dismissed Lad's appeal of the IJ's order on March 10, 2009, and Lad did not petition this court for review of that decision.

On May 12, 2009, the United States Citizenship and Immigration Services (USCIS) denied Vaishali's visa petition, on the ground that Lad was ineligible for a visa under 8 U.S.C. § 1154(c), which prohibits the approval of a visa petition if "the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws." Lad moved the BIA to reopen his removal proceedings, arguing that because his wife's visa petition had been denied, his case should be remanded to the IJ in order so that Lad could apply for a waiver of removal 8 U.S.C. § 1227(a)(1)(H). The BIA denied the motion, and Lad timely filed a petition for review of that decision.

Lad contends that the immigration judge (IJ) violated his due process rights by failing to sustain his repeated objections to the translator's interpretations during a hearing before the IJ, but we lack jurisdiction over this claim, which pertains to the underlying deportation order, because Lad only filed a petition for review of the denial of his motion to reopen. *See Stone v. INS*, 514 U.S. 386, 394-95 (1995) (citing 8 U.S.C. § 1105a(a)(6) (1988 Supp. V) (recodified as amended at 8 U.S.C. § 1252(b)(6))). Likewise, to the extent that Lad argues that his motion to reopen should have been granted on the same basis, 8 U.S.C. § 1252(d)(1) bars our review of the claim because Lad made no such argument

2

in his motion to reopen before the BIA. Accordingly, we dismiss Lad's petition in part for lack of jurisdiction.

Lad also argues that the BIA abused its discretion in denying his motion to reopen. Motions to reopen removal proceedings are disfavored, and the moving party bears a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). In reviewing the BIA's denial of a motion to reopen or reconsider, we apply a "highly deferential abuse-of-discretion standard." *Id.* We will affirm the BIA's decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005) (internal quotations marks and citation omitted).

Lad apparently believes that he is eligible under § 1227(a)(1)(H) for a waiver, and that this waiver would eliminate not only his removability but also his inadmissibility. He seems to believe that the elimination of his inadmissibility through the waiver would in turn allow him to adjust his status, perhaps under § 1255. Lad also asserts that the pendency of his wife's relative visa petition somehow prevented him from seeking a § 1227(a)(1)(H) waiver earlier, and that this is the fault of the USCIS because it did not process the visa petition more quickly.

Despite Lad's suggestion that the denial of his wife's relative visa petition makes a § 1227(a)(1)(H) waiver newly available to him, DHS regulations specifically state that an alien "may apply to the immigration judge" for a waiver of a ground of inadmissibility "[i]n conjunction with any application for creation of status of an alien lawfully admitted for permanent residence made to an immigration judge." 8 C.F.R. § 1240.11(a)(2). In fact, the record shows that the IJ asked whether Lad would be seeking any relief in addition to cancellation of removal and voluntary departure, and Lad declined to seek additional relief.

No. 10-60092

In addition, Lad is not eligible for a § 1227(a)(1)(H) waiver of the removal of aliens "on the ground that they were inadmissible at the time of admission as aliens described in section 1182(a)(6)(C)(i)" because that provision restricts such waivers to aliens who are "in possession of an immigrant visa or equivalent document and [are] otherwise admissible to the United States at the time of such admission except for those grounds of inadmissibility specified under paragraphs (5)(A) and (7)(A) of section 1182(a)." Lad does not have an immigrant visa as required by § 1227(a)(1)(H) because his wife's relative visa petition has been denied, and he is not "otherwise admissible" as required by § 1227(a)(1)(H) because he has already conceded his inadmissibility under § 1182(a)(6)(A)(i) as an alien who was present in the United States without having been admitted or paroled. Accordingly, Lad has failed to show that the BIA abused its discretion in denying his motion reopen, and we deny his petition for review in remaining part. *See Altamirano-Lopez*, 435 F.3d at 549.

PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.