**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 10, 2011

No. 09-60808
Summary Calendar

Lyle W. Cayce
Clerk

CAMILO VALENCIA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 075 295

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Camilo Valencia, a native and citizen of Columbia, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. To the extent that Valencia challenges the underlying BIA removal order, this court lacks jurisdiction to review that decision. *See* 8 U.S.C. § 1252(a)(5), (b)(1), (b)(6); *Stone v. INS*, 514 U.S. 386, 394-95 (1995) (citing 8 U.S.C. § 1105a(a)(6) (1988 Supp. V) (recodified as amended at 8 U.S.C. § 1252(b)(6))). To the extent that Valencia seeks an order

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from this court to reopen his proceedings based on *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), this court lacks jurisdiction over that claim as well as Valencia did not fairly present such a claim to the BIA, raising it for the first time in his brief before this court. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 317-19 (5th Cir. 2009).

Valencia's challenge to the denial of his motion to reopen is unavailing. He argues that he had presented a "new argument" on an issue that the immigration judge (IJ) had pretermitted, Valencia's eligibility for cancellation of removal or adjustment of status. *See* Immigration and Naturalization Act (INA) § 245, 8 U.S.C. § 1255; INA § 240A(b), 8 U.S.C. § 1229b(b). However, he relies on *Padilla*, 130 S.Ct. 1473, in support of his argument. *Padilla* was issued after Valencia filed his motion to reopen with the BIA and thus could not have formed the basis for the motion. Moreover, to the extent that he is asserting that the IJ and BIA should have considered, in spite of Valencia's inadmissibility, the availability of cancellation of removal, he presents no new facts establishing prima facie eligibility for adjustment of status or cancellation of removal. *See* 8 C.F.R. § 1003.2(c); *INS v. Abudu*, 485 U.S. 94, 104 (1988). Valencia has failed to show that the BIA abused its discretion in denying his motion to reopen. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006).

The petition for review is DISMISSED IN PART and DENIED IN PART.