# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2011

No. 11-60014
Summary Calendar

Lyle W. Cayce
Clerk

MOHAMMAD RASHID ABDUL-MAJEED,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 882 378

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mohammad Rashid Abdul-Majeed, a native and citizen of Pakistan, petitions for review of the denial by the Board of Immigration Appeals (BIA) of his motions to reopen and to reconsider. Abdul-Majeed posits two issues for review. The first is whether the BIA abused its discretion by denying his motion to reopen and remand. The second is whether the BIA ruled on his claim under the Convention Against Torture (CAT), and, if it did, whether the ruling was rational and based on the evidence in the record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60014

A motion to reopen must state new facts to be proved at a hearing and must be supported by "evidentiary material." 8 CFR § 1003.2(c)(1). Review of an order denying a motion to remand is distinct from any review of the merits of the underlying order dismissing the appeal from the immigration judge's ruling denying immigration relief. *Stone v. INS*, 514 U.S. 386, 405 (1995); *Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009).

We use a "highly deferential abuse-of-discretion standard" when reviewing the denial of a motion to reopen. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted). Even a decision that we might think wrong will stand if "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted). Motions to reopen are disfavored. *Altamirano-Lopez*, 435 F.3d at 549.

In denying the motion to reopen, the BIA determined that Abdul-Majeed had not explained how the new information he submitted affected his claims for relief. Abdul-Majeed disagrees, asserting in conclusory fashion that the new information he presented to the BIA required that his case be reopened. He argues that the State Department's country report on Pakistan reveals a series of killings of political workers and shows that hundreds of political workers have vanished "apparently at the hands of law enforcement agencies." He contends that he is "similarly situated" and thus has a credible fear of future harm. The sections of the country report that Abdul-Majeed cites do not, however, support his proposition that he falls into a particularized group persecuted by or with the consent of Pakistani authorities. The quoted section concerning deaths in Karachi specifically states that they were "'the result of interparty clashes'" and does not state that Pakistani authorities used, fostered, or permitted them. And the quoted section about disappearances is concerned with generalized political

2

violence; this section of the report does not even mention the Mohajir Quami Movement, a political the group to which Abdul-Majeed claims to belong. In gist, Abdul-Majeed's "new evidence" is of violence targeted at diverse political groups in Pakistan—violence that was not necessarily directed or tolerated by the government. This evidence of "general violence and civil disorder" would offer no basis for granting Abdul-Majeed asylum, withholding of removal, or protection under CAT in a reopened case. *See Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004); *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).

Abdul-Majeed maintains that the BIA failed to address his CAT claim, but it is difficult to ascertain what he means, as he does not specify which of his motions is implicated in this claim. To the extent that Abdul-Majeed contends that the BIA did not consider his CAT claim when denying his motion to reopen, the very first sentence of the BIA's order expressly refutes his contention. To the extent that Abdul-Majeed contends that the BIA failed to consider a CAT claim in a motion to reconsider, he has waived this issue because he has not addressed the BIA's determination that he filed no timely motion to reconsider. *See Chambers v. Mukasey*, 520 F.3d 445, 448 n.1 (5th Cir. 2008). And to the extent that Abdul-Majeed's brief may be understood to challenge the BIA's underlying August 2010 ruling denying his appeal of the IJ's decision not to grant relief on the merits, this court has no jurisdiction to entertain the challenge; Majeed did not file a timely petition seeking review of that decision. *See* 8 U.S.C. § 1252(b)(1); *Stone*, 514 U.S. at 405 on); *Lara*, 216 F.3d at 495.

Abdul-Majeed's petition for review is DENIED.