# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2011

Lyle W. Cayce
Clerk

No. 10-60959
Summary Calendar

SYFUL MILON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 937 651

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Syful Milon, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings and for reconsideration.

Milon does not challenge the BIA's decision insofar as it denied his motion for reconsideration. Therefore, he has abandoned any issues related to that denial. *See, e.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 n.10 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60959

Milon contends the affidavit submitted with his motion satisfied the requirements for reopening based on ineffective assistance of counsel (IAC). Motions to reopen removal proceedings are disfavored, and the moving party bears a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (citation and internal quotation marks omitted).  In reviewing the BIA's denial of a motion to reopen, this court generally applies a "highly deferential abuse-of-discretion standard" and will affirm the BIA's decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005) (citation and internal quotation marks omitted).

IAC can warrant reopening removal proceedings if petitioner satisfies the requirements set forth in *Matter of Lozada*, 19 I&N Dec. 637 (BIA 1988).  To support an IAC claim, an alien must:  (1) provide an affidavit attesting the relevant facts, including the terms of the attorney-client agreement; (2) before he presents the claim to the BIA, inform counsel of the allegations and allow counsel an opportunity to respond; and (3) file or explain why a grievance has not been filed against counsel.  *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000); *Lozada*, 19 I&N Dec. at 639.  "Where essential information is lacking, it is impossible to evaluate the substance of [an IAC] claim." *Lozada*, 19 I&N Dec. at 639.

Milon did not, at any point in this proceeding, provide the BIA proof of his letter to former counsel or a filed grievance.  "[T]he general application of the *Lozada* rules is not an abuse of discretion".  *Lara*, 216 F.3d at 498.

DENIED.