# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2013

No. 12-60026
Summary Calendar

Lyle W. Cayce
Clerk

GUSTAVE LE GRAND FILS YEN NYEMB,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 824 200

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gustave Le Grand Fils Yen Nyemb, a native and citizen of Cameroon, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. Nyemb concedes that his motion was untimely and could only result in relief if he demonstrated changed circumstances in Cameroon. *See* 8 CFR § 1003.2(c)(2) and (3).

A motion to reopen must state new facts to be proved at a hearing and must be supported by "evidentiary material." § 1003.2(c)(1). We employ a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"highly deferential abuse-of-discretion standard" when reviewing the denial of a motion to reopen. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted). Even a decision that we might think wrong will stand if "it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted). The BIA's decision on Nyemb's motion easily meets this standard.

Nyemb inaccurately asserts that the BIA disregarded documents submitted with his motion. The BIA's order makes clear that all of Nyemb's documents were considered, even the ones that the BIA noted to be lacking authentication or proper certification. The BIA specifically compared the documents submitted with the motion to reopen to the country report submitted when Nyemb appeared before the immigration judge in his removal proceeding. The BIA's ruling was that Nyemb failed to make a persuasive showing—even considering the new documents—that he could prevail on a claim of changed country conditions.

Nyemb claims that conditions in Cameroon have worsened because the authorities there will now harm not only him but his family on account of his political protests in the United States against the authorities in Cameroon. However, Nyemb testified in his removal proceedings that Cameroonian authorities had threatened harm to his family as early as 2007, before he sought asylum in the United States. Nyemb fails to show that the BIA acted arbitrarily or even unreasonably in concluding that he could show changes in his personal circumstances only, not in conditions in Cameroon. *See Altamirano-Lopez*, 435 F.3d at 549.

PETITION DENIED.