# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2014

Lyle W. Cayce
Clerk

No. 13-60400
Summary Calendar

RAFIQ RAHIM,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
No. A 078 551 881

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rafiq Rahim, an illegal alien and a native and citizen of Pakistan,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his immigration proceedings. We review the denial "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). We will not find an abuse of discretion unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (internal quotation marks and citation omitted).

Rahim contends that the evidence in support of his motion to reopen showed worsening conditions in Pakistan for Shi'a Muslims, and particularly Ismaili Muslims such as Rahim, and that the BIA's failure to examine that evidence in a serious manner was an abuse of discretion. The BIA's decision was sufficiently reasoned to permit meaningful review. *See Osuchukwu v. INS*, 744 F.2d 1136, 1142−43 (5th Cir. 1984).

Motions to reopen removal proceedings are disfavored, and the moving party must satisfy a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006). Rahim's evidence does not show that the BIA abused its discretion. *See Zhao*, 404 F.3d at 304. The petition for review is DENIED.