# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60833
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2015

Lyle W. Cayce
Clerk

DOUGLAS RAFAEL PEREZ-REYES,

> Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

> Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 112 260

Before DAVIS, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

Douglas Rafael Perez-Reyes, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge denying his motion to reopen. Perez-Reyes maintains that threats made by a gang member against his family show changed country conditions in El Salvador that warrant reopening his proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60833

Ordinarily, an alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered, and an alien may file only one such motion. 8 U.S.C. § 1229a(c)(7)(C)(i). The time and numerical limitations do not apply, however, if the basis of the motion is to apply for asylum relief and is based upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence [of change] is material and was not available and could not have been discovered or presented at the previous hearing." § 1229a(c)(7)(C)(ii).

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision will be upheld "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304. "[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal citation and quotation marks omitted). Perez-Reyes has not met these standards. Accordingly, his petition for review is DENIED.