# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

No. 14-60869
Summary Calendar

MICHAEL EMORDI OGWUDE,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 141 077

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Michael Emordi Ogwude, a native and citizen of Nigeria, has filed a petition for review of the Board of Immigration Appeals' (BIA) order affirming the denial of his second motion to reopen his removal proceedings. The BIA denied the motion because it was time and number barred by 8 U.S.C. § 1229a(c)(7)(A)(i) and (c)(7)(C)(i).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ogwude contends that the BIA should have equitably tolled the 90-day time limitation set forth in § 1229a(c)(7)(C)(i), from the BIA's dismissal of his appeal in October 2005 until he filed his second motion to reopen in July 2014, because he was diligent in pursuing his ineffective assistance claims.

Motions to reopen removal proceedings are disfavored, and the moving party must satisfy a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (per curiam). In reviewing the BIA's denial of a motion to reopen, we generally apply a highly deferential abuse-of-discretion standard. *Id.*

It is undisputed that the motion to reopen at issue was Ogwude's second such motion and that it was filed more than nine years after the BIA dismissed his appeal. Thus, the BIA did not abuse its discretion in denying Ogwude's second motion to reopen as time and number barred under § 1229a(c)(7)(A), (c)(7)(C)(i).

To the extent the BIA determined that Ogwude was not entitled to equitable tolling of the time and number limitations, assuming equitable tolling is indeed available in the immigration context, the BIA's determination in this regard was also not an abuse of discretion. In other contexts, we have recognized that equitable tolling should apply in "rare and exceptional circumstances," *United States v. English*, 400 F.3d 273, 275 (5th Cir. 2005), and a party seeking to toll a filing deadline must demonstrate diligence, *Holland v. Florida*, 560 U.S. 631, 649 (2010). Ogwude has failed to establish that he diligently pursued and presented his ineffective assistance claims.

The petition for review is DENIED.