# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60607
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2016

Lyle W. Cayce
Clerk

SANDRA RODRIGUEZ-DE SANCHEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 676 337

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Sandra Rodriguez-De Sanchez, a native and citizen of El Salvador, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ's) denial of her motion to reopen. Rodriguez-De Sanchez contends that the BIA's citation to *Matter of S-Y-G*, 24 I. & N. Dec. 247, 257 (BIA 2007), shows that it incorrectly interpreted 8 C.F.R. § 1003.23(b)(4)(i) when considering her motion to reopen. This argument is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unavailing because the interpretation of § 1003.23(b)(4)(i) given in *Matter of S-Y-G*, 24 I. & N. Dec. at 257, is not at odds with the plain language of the regulation.

Next, Rodriguez-De Sanchez argues the BIA's rejection of her motion represents an abuse of discretion because her evidence shows that gang violence in El Salvador has gotten worse since 2006.

Ordinarily, an alien must file a motion to reopen within 90 days of the date on which the final administrative decision is entered, and an alien may file only one such motion. 8 U.S.C. § 1229a(c)(7)(C)(i). The time and number limits do not apply if movant requests asylum based upon "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." § 1229a(c)(7)(C)(ii).

This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision, even if erroneous, will be upheld "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304. "[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal citation and quotation marks omitted).

Rodriguez-De Sanchez has not met these standards. She argues that her evidence pertaining to threats made by gang members against her family and articles she submitted to the BIA concerning gang violence in El Salvador show

No. 15-60607

that conditions there have materially changed and that the BIA abused its discretion by denying her motion to reopen.

We disagree. In affirming the IJ's decision, the BIA concluded that Rodriguez-De Sanchez had shown only that gang violence in El Salvador predated her arrival in this country and remains a problem to this day. Thus, the BIA determined, she had not shown a material change in circumstances. This conclusion is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *See Zhao*, 404 F.3d at 304. Consequently, Rodriguez-De Sanchez has not shown an abuse of discretion, and her petition for review is DENIED.