# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60532
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2020

Lyle W. Cayce
Clerk

MARIA MERCEDES GOMEZ-DE SARAVIA,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 538 949

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Maria Mercedes Gomez-De Saravia petitions for review of a Board of Immigration Appeals (BIA) decision denying her motion to reopen. She sought to present additional evidence to support her application for relief from removal. The BIA denied her motion because her arguments related to her proposed particular social group and nexus to a protected ground are precluded by the Attorney General's decision in *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60532

2018), *vacated in part*, *Grace v. Whitaker*, 344 F. Supp. 3d 96 (D.D.C. 2018), *appeal docketed sub nom. Grace v. Barr*, No. 19-5013 (D.C. Cir. Jan. 30, 2019).

Motions to reopen removal proceedings are "disfavored, and the [movant has] a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549-50 (5th Cir. 2006) (internal quotation marks and citation omitted). This court reviews an immigration court's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted).

To be eligible for asylum, an alien must qualify as a "refugee," requiring a showing of past persecution or a well-founded fear of persecution on account of a protected ground: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1158(b); 8 U.S.C. § 1101(a)(42)(A). Withholding of removal is a higher standard as it requires a showing that such persecution is "more likely than not." 8 C.F.R. § 208.16(b). Members of a particular social group "share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted). The group must also share characteristics making them socially distinct and thus readily identifiable in society, but the group must "be defined with sufficient particularity to delimit its membership." *Id.* at 519 (internal quotation marks, citation, and emphasis omitted).

This court, in *Gonzales-Veliz v. Barr*, 938 F.3d 219, 233-34 (5th Cir. 2019), rejected the argument that the Attorney General's decision in *Matter of A-B-* constituted a change in policy, *id.*, and held that it is permissible to rely on the Attorney General's reasoning in *Matter of A-B-* to assess whether a

proposed group is substantially similar and warrants the same result, *id.* at 232. Gomez-De Saravia is correct that *Matter of A-B-* did not create a categorical ban against particular social groups based on domestic violence. *See id.* However, contrary to her assertion, the BIA did not conclude that *Matter of A-B-* "invalidate[d] all social groups that relate to domestic violence."

This court concluded in *Gonzales-Veliz* that "'Honduran women unable to leave their relationship' is impermissibly defined in a circular manner. The group is defined by, and does not exist independently of, the harm—*i.e.*, the inability to leave." 938 F.3d at 232. Because such a group lacks particularity and social distinction, this court "agree[d] with the BIA that Gonzales-Veliz's group is not a particular social group under *A-B-*." *Id.* Here, Gomez-De Saravia's argument, that it is clear who belongs to her proposed group of Salvadoran women who are unable to leave an abusive relationship, is conclusory and does not demonstrate why her proposed particular social group has the requisite particularity and social distinction. *See Gonzales-Veliz*, 938 F.3d at 232; *Orellana-Monson*, 685 F.3d at 518-19.

Because Gomez-De Saravia's arguments would not establish membership in a cognizable particular social group, the BIA did not err in denying her motion to reopen. *See Gonzales-Veliz*, 938 F.3d at 232; *Lugo-Resendez*, 831 F.3d at 340. Accordingly, the petition for review is DENIED.