# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2021

Lyle W. Cayce
Clerk

No. 20-60107
Summary Calendar

Imran Haroon Ansari, *also known as* Alex,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 505 565

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Imran Haroon Ansari, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings, declining to sua sponte reopen, and dismissing his appeal from the immigration judge's order denying a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

motion to reopen.  He has also moved for a stay of removal and a stay of the proceedings.

Motions to reopen removal proceedings are "disfavored, and the moving party [must] bear[] a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549-50 (5th Cir. 2006) (internal quotation marks and citation omitted).  We review an immigration court's denial of a motion to reopen removal proceedings "under a highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotation marks and citation omitted).  The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.* (internal quotation marks and citation omitted).

Ansari argues that the BIA should have reopened the removal proceedings under 8 C.F.R. § 1003.23(b)(4)(i), so that he could pursue relief under the Convention Against Torture (CAT) based on his evidence of changed circumstances in India.  Ansari, however, has failed to show that the BIA abused its discretion in determining that he did not make a prima facie showing that he was entitled to CAT relief.  *See* 8 C.F.R. § 208.16(c)(2); *Lugo-Resendez*, 831 F.3d at 340; *Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006).  Because Ansari has failed to show that a legal barrier prevented the BIA from exercising its sua sponte authority to reopen the removal proceedings, we lack jurisdiction to review his alternative argument that the BIA erred when it declined to do so.  *See Qorane v. Barr*, 919 F.3d 904, 911-12 (5th Cir. 2019); *Rodriguez-Saragosa v. Sessions*, 904 F.3d 349, 355 (5th Cir. 2018).

No. 20-60107

Finally, Ansari contends that the immigration courts erred in declining to reopen the removal proceedings so that he could file an application for cancellation of removal in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), and that we should enter a stay of removal and stay of the proceedings pending the Supreme Court's decision in *Niz-Chavez v. Barr*, 141 S. Ct. 84, 84 (U.S. June 8, 2020). Because Ansari does not challenge in his opening brief the immigration courts' finding that he failed to submit with his motion to reopen an application for cancelation of removal, as required by § 1003.23(b)(3), he has abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Moreover, Ansari's reliance on the grant of certiorari in *Niz-Chavez* is unavailing. *See Yanez-Pena v. Barr,* 952 F.3d 239, 245-46 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 8, 2020) (No. 19-1208). We are bound by our precedents unless and until those precedents are altered by a decision of the Supreme Court. *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986); *see Thompson v. Dallas City Att'y's Office*, 913 F.3d 464, 467 (5th Cir. 2019).

Accordingly, Ansari's petition for review is DENIED in part and DISMISSED in part. His motions for a stay of removal and to stay the proceedings are DENIED.