# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2022

Lyle W. Cayce
Clerk

No. 20-60996
Summary Calendar

Mauro Xocop-Asijtuj,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 992 714

---

Before Higginbotham, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:*

Mauro Xocop-Asijtuj, a native and citizen of Guatemala, petitions this court for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of the Immigration Judge denying his motion to reopen. He challenges the determination that he was not entitled

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60996

to equitable tolling, which he insists is warranted by the extraordinary circumstances of his case, i.e., his age at removal and the faulty birth certificate used in his removal proceedings.

Because motions to reopen are "disfavored," an alien who brings one has "a heavy burden." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) (internal quotation marks and citation omitted). In keeping with these principles, this court reviews the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

A motion to reopen removal proceedings must generally be filed within 90 days of the entry of a final order of removal, but this period is amenable to equitable tolling. 8 U.S.C. § 1229a(c)(7)(C)(i); *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). An alien is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (internal quotation marks and citation omitted).

The record shows an over eight-year delay between when Xocop-Asijtuj reentered this country and when he moved to reopen his proceedings. At most, he has shown that he acted promptly once he realized that he had submitted an incorrect birth certificate in his original removal proceedings. We hold that the BIA was not capricious or irrational when it denied equitable tolling in these circumstances. *See Mejia*, 952 F.3d at 259; *see also Flores-Moreno v. Barr*, 971 F.3d 541, 545 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 1238 (2021). The petition for review is DENIED.