United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61071
Summary Calendar

MUHAMMAD SARFRAZ KHAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. Attorney General,

Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 008 104
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Muhammad Sarfraz Khan (Khan), a native and citizen of
Pakistan, petitions this court for review of an order of the
Board of Immigration Appeals (BIA).  In his brief, Khan
challenges the BIA's affirmance of the immigration judge's (IJ)
decision and its denial of Khan's motions for remand and for
reconsideration.  Respondent argues that the petition for review
is timely only as to the denial of Khan's motion for
reconsideration.  Because Khan's petition for review was not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filed within 30 days of the BIA's affirmance of the IJ's decision and denial of the motion for remand, his petition for review must be dismissed as to those rulings. See 8 U.S.C. § 1252(b)(1); Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993).

Khan's petition for review is timely as to the BIA's denial of his motion for reconsideration. Khan does not make any argument concerning the BIA's finding that it did not commit factual or legal error in determining that In re Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002), did not apply to employment-based visa petitions. Accordingly, he has abandoned any challenge to this aspect of the BIA's ruling. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).

Khan next argues that the BIA erred in denying him a continuance pending the adjudication of his wife's labor certification. Khan has not shown that he is eligible for adjustment of status based on an immediately available immigrant visa. See Ahmed v. Gonzales, 447 F.3d 433, 438-39 (5th Cir. 2006). Thus, a continuance was not warranted. See id. at 439. Khan's contention that the denial of a continuance violated his due process rights fails because "discretionary relief from removal, including an application for an adjustment of status, is not a liberty or property right that requires due process protection." Id. at 440.

Khan failed to raise before the BIA his claim that his status should be adjusted due to the exceptional circumstance

that his wife's labor certification request was not approved in a timely manner. He does not argue that his claim constitutes a due process violation. As such, this court lacks jurisdiction to consider the claim. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001).

Khan argues that the National Security Entry-Exit Registration System (NSEERS) violates principles of equal protection and due process, and evidence obtained therefrom should be excluded from removal proceedings. Because Khan did not specifically challenge the BIA's decision as to this issue in his motion for reconsideration, and as the motion for reconsideration is the sole issue before this court, this court lacks jurisdiction to review the argument. See Karimian-Kaklaki v. INS, 997 F.2d 108, 111 (5th Cir. 1993); § 1252(b)(1).

The BIA's denial of Khan's motion for reconsideration was not an abuse of discretion. See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006). Accordingly, the petition for review is denied.

Khan's motion for remand to the BIA for reconsideration of his application for adjustment of status is denied, as Khan has failed to show reasonable grounds for his failure to submit his new evidence to the BIA. See Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994). His motion for a stay of removal pending this court's decision on his petition for review also is denied,

as Khan's petition for review is unavailing, and he does not assert that he is scheduled to be removed.

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART; MOTIONS DENIED.