**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-60086
Summary Calendar

MUHAMMAD SARFRAZ KHAN

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of Orders of the
Board of Immigration Appeals
BIA No. A79 008 104

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner Muhammad Sarfraz Khan, a native and citizen of Pakistan, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceeding. Khan also petitions for review of the BIA's order denying his motion to reconsider its denial of his motion to reopen.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

An immigration judge (IJ) ordered Khan removed after he conceded removability. The BIA affirmed that order in August 2005 and denied Khan's motion for reconsideration in October 2005. We dismissed Khan's petition for review as untimely, denied his petition for review of the BIA's decision not to reconsider its order, and denied his motion to stay removal. *See Khan v. Gonzales*, 243 F. App'x 24 (5th Cir. 2007).

In August 2007, more than two years after the BIA denied him relief, Kahn filed a motion with the BIA to reopen his removal proceeding. He conceded untimeliness but asserted that he had become eligible for derivative adjustment of status after the BIA had rendered its decision. He later supplemented his motion to reopen by alleging that his prior counsel had been ineffective and that he was entitled to remedy that ineffectiveness by having his removal proceeding reopened. The BIA denied the motion to reopen as untimely for having been filed more than 90 days after its prior order denying Khan relief. It also rejected Khan's claim of ineffective assistance of counsel as being unsupported by the evidence. Additionally, it declined to reopen his case sua sponte. Khan moved for reconsideration, but that motion was denied.

Khan contends that his removal proceeding should have been reopened despite the untimeliness of his motion. He asserts that reopening is warranted because a change in his wife's immigration status presented a new opportunity for him to adjust his status and avert removal and because his prior counsel's ineffectiveness left Khan ignorant of his rights and rendered his motion to reopen untimely.

Khan's attempt to demonstrate that exceptional circumstances existed within the meaning of 8 C.F.R. § 1003.23(b)(4)(ii) fails because he did not satisfy that subsection's conjunctive requirement that the motion to reopen be filed within 180 days after the removal order. § 1003.23(b)(4)(ii); *see also* 8 C.F.R. § 1003.2 (providing that the section's 90-day period for filing a motion to reopen removal proceedings in the BIA does not apply to motions brought pursuant to

§ 1003.23(b)(4)(ii)).  A district court need not address the issue of exceptional circumstances if the motion to do so is not filed within the time allowed by law.

Because of Khan's dilatoriness, reopening depended entirely on a sua sponte motion by either the BIA or the IJ.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008) (stating that "a request for equitable tolling of a time- or number-barred motion to reopen on the basis of ineffective assistance of counsel is" essentially a contention that the BIA, or the IJ, should have sua sponte reopened the proceeding based upon the doctrine of equitable tolling).  As the provision for sua sponte reopening vests the BIA with complete discretion to deny untimely motions to reopen, this court "has no legal standard by which to judge the . . . ruling, and therefore . . . lacks jurisdiction." *Id*. at 220; § 1003.2(a).

Khan's petition for review of the order of removal is DISMISSED, and his petition to review the order denying reconsideration of his motion to reopen is DENIED.  *See Brinkmann v. Dallas Cty. Deputy Sherriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (stating that the failure to brief issues adequately is equivalent to not having appealed).