# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2010

No. 09-60635
Summary Calendar

Lyle W. Cayce
Clerk

MUHAMMAD SARFRAZ KHAN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 008 104

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Muhammad Sarfraz Khan, a native and citizen of Pakistan, was ordered removed in 2005. The Board of Immigration Appeals (BIA) affirmed and denied reconsideration, and we rejected Khan's petition for review. *Khan v. Gonzales*, 243 F. App'x 24, 25 (5th Cir. 2007). Two years after the removal order, Khan filed a motion to reopen asserting ineffective assistance of counsel and changed circumstances. The BIA denied the motion as untimely and refused to exercise its authority to reopen sua sponte. We dismissed Khan's petition for review in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

part because we lacked jurisdiction to consider the BIA's discretionary denial of a motion to reopen sua sponte. *Khan v. Holder*, 311 F. App'x 718, 718-19 (5th Cir. 2009).

Khan has now filed a second motion to reopen, again asserting ineffective assistance of counsel and changed circumstances. The BIA denied this motion as untimely and number-barred and once more declined to exercise its authority to reopen proceedings sua sponte. Khan now seeks our review, reasserting the claims he made previously that the time and number limitations for motions to reopen may be excused based on ineffective assistance of counsel and his changed circumstances.

It is undisputed that Khan's motion is both untimely and numerically barred. 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). The BIA may reopen a matter sua sponte at any time but the decision to do so is entirely within its discretion. 8 C.F.R. § 1003.2(a). As we previously explained, we lack jurisdiction to review the BIA's wholly discretionary decision to refuse to reopen Khan's proceedings sua sponte. *See Khan*, 311 F. App'x at 719; *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004). To the extent that Khan argues that the denial of the motion to reopen violates his due process rights, he has no constitutionally protected interest in discretionary relief. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006).

For the foregoing reasons, we DISMISS Khan's petition in part and we DENY it in part. We DENY the Government's motion for summary affirmance and, alternatively, for an extension of time to file a brief, as unnecessary. Finally, we CAUTION Khan that future repetitive or frivolous filings may result in the imposition of sanctions.