# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 8, 2012

No. 11-60744
Summary Calendar

Lyle W. Cayce
Clerk

SHABANA ALI; IRSHAD ALI; SAIF ALI; SAFIYA ALI,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 060 270
BIA No. A088 809 510
BIA No. A088 809 511
BIA No. A088 809 512

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Shabana Ali, a native and citizen of India; Irshad Ali, a native and citizen of Pakistan; Saif Ali, a native of the United Arab Emirates and a citizen of Pakistan; and Safiya Ali, a native of the United Arab Emirates and a citizen of India, petition this court for review of the Board of Immigration Appeals' (BIA) order denying their motion to reopen their removal proceedings.  The Alis

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maintain that the BIA abused its discretion when it concluded that they had not suffered prejudice as a result of their attorney's deficient performance. The Alis claim that they established their prima facie eligibility for asylum or withholding of removal under 8 U.S.C. § 1231(b)(3)).

We review the denial of a motion to reopen for an abuse of discretion. *See Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006). We review questions of law de novo and review any factual findings under the substantial-evidence test. *See Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005).

The Alis have failed to meet the standard for ineffective assistance of counsel, which requires that they establish that they were substantially prejudiced by their attorney's performance. *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006); *Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988). To show substantial prejudice, the Alis were required to make a prima facie showing that they were eligible for the relief they sought and that they could have made a strong showing in support of their applications. *See Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997). The Alis' assertions that they were prejudiced by their attorney's performance are speculative and conclusory. The Alis have not (1) explained the bases for either their applications for withholding under the Immigration and Nationality Act or their putative applications for asylum or (2) offered evidence in support of those applications. More specifically, they have not explained or offered evidence regarding their assertions (1) that conditions in Pakistan are deteriorating; thus, they have not shown that the one-year filing deadline for asylum applications would have been excused; (2) that their family constituted a particular social group; (3) that they possess a well-founded fear of persecution on account of their membership in a particular social group, (4) that there exists a clear probability that their life or freedom would be threatened on account of their membership in a particular social group, or (5) that the one-year filing deadline for asylum applications would have been excused. *See Chen v. Gonzales*, 470 F.3d 1131, 1135-38 (5th

Cir. 2006); 8 U.S.C. §§ 1101(a)(42)(A), 1158(a)(2)(B), (a)(2)(D), (b)(1)(A), (b)(1)(B)(i); 8 C.F.R. § 208.4(a)(5).

In light of the foregoing, the Alis have not demonstrated an abuse of discretion on the BIA's part because, as the BIA determined, they have not shown any prejudice resulting from their attorney's performance given that they failed to establish a prima facie case for either asylum or withholding of removal. *See Chen*, 470 F.3d at 1135; *Anwar*, 116 F.3d at 144. Accordingly, their petition for review is DENIED.