# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2013

No. 12-60588

Lyle W. Cayce
Clerk

MOHAMAD HASAN CHEHAB,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an order of the
Board of Immigration Appeals
BIA No. A094 971 252

Before STEWART, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner Mohamad Hasan Chehab ("Chehab"), a native and citizen of Lebanon, petitions for review of an order entered by the Board of Immigration Appeals ("BIA"), dismissing his appeal from an order of removal. In its order, the BIA agreed with the Immigration Judge's conclusions that Chehab had not shown that he was a refugee for purposes of 8 U.S.C. § 1101(a)(42)(A) because he had not shown that he had a well-founded fear of future persecution in Lebanon based on either his neutral political opinion or his membership in an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserted particular social group, namely, single Lebanese men born after 1973 who refuse to join Hezbollah.  Chehab now petitions this court for review of the BIA's order and also asserts that his asylum claim was prejudiced by ineffective assistance of counsel.  We DENY his petition.

## I.  BACKGROUND

In 2008, Chehab was charged with being removable as an alien who had arrived in this country without being admitted or inspected.  Chehab conceded the charge.  However, he argued that he was eligible for asylum under 8 U.S.C. § 1101(a)(42)(A) because he had a well-founded fear of persecution based on "race, religion, nationality, membership in a particular social group, or political opinion."

In October 2008, Chehab requested sixty days to "identify an appropriate expert witness" and to obtain corroborating documents.  The Immigration Judge ("IJ") granted Chehab until January 5, 2009, more than the sixty days requested.  The proceedings were subsequently reassigned to a different IJ who, in a March 31, 2009 hearing, set Chehab's merits hearing for January 22, 2010 and required both parties to submit exhibits, witness lists, and other documentation by December 22, 2009.  Chehab's counsel failed to file any documents by the deadline, instead filing numerous documents on January 11, 2010.  In the cover letter filing the exhibits, Chehab's counsel notified the court that "we will be bringing an expert witness, Mr. Joseph Hage, to testify on my client's behalf."  The letter and accompanying documents did not include any additional information about the purported expert, such as identifying the witness' qualifications or summarizing his testimony.

At the hearing, the Government objected to the admission of the evidence and the expert's testimony.  The IJ excluded the documents as untimely and the expert witness' testimony for lack of information about the expert's qualifications.  At the hearing, Chehab contended that he was eligible for asylum

No. 12-60588

because he had been subjected to physical abuse and threats from Hezbollah members who wanted Chehab to join Hezbollah and because he held neutral political views. Chehab argued that he was a member of a "particular social group," for 8 U.S.C. § 1101(a)(42)(A) purposes, namely that of single Lebanese men born after 1973 who refuse to join Hezbollah.

The IJ found Chehab was not credible and denied him asylum. Moreover, the IJ reasoned that even were Chehab credible, he would still be ineligible for asylum because his political neutrality was not a recognizable political opinion and because he had not shown that he was a member of a "particular social group." Upon review, the BIA affirmed the IJ's determination, for the reasons stated in the IJ's decision, that Chehab had not established a nexus based on political opinion. The BIA then analyzed Chehab's "particular social group" contention and affirmed the IJ. The BIA did not review the IJ's credibility determination because "even if credible, the respondent is unable to meet all of the statutory requirements for the relief he seeks." Finally, the BIA held that Chehab had not established that his counsel's ineffective assistance prejudiced his claim.[1]

## II. ASYLUM

### A. Standard of Review

"We generally have authority to review only the decision of the BIA. When the IJ's ruling affects the BIA's decision, however, we also review the decision of the IJ." *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007) (citations omitted).

We review the BIA's legal conclusions de novo, and we "defer to [its] interpretation of immigration regulations if the interpretation is reasonable." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citations omitted). We will uphold the BIA's factual findings if they are supported by substantial

---

[1] The BIA addressed several other claims that Chehab raised. As Chehab does not raise them before this court, we do not discuss them.

3

evidence, "that is, unless the evidence is so compelling that no reasonable factfinder could fail to find otherwise." *Id.* (citation omitted). The conclusion that an alien is not eligible for asylum is a factual finding and is therefore reviewed under the deferential substantial-evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

## B. Discussion[2]

"An alien is eligible for asylum if the Attorney General or the Secretary of Homeland Security determines that the alien is a refugee." *Zhu*, 493 F.3d at 594 (citing 8 U.S.C. § 1158(b)(1)(A)). A refugee is someone "who is unable or unwilling to return to, or is unable or unwilling to avail himself or herself of the protection of [his or her country of nationality] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). Whether to grant asylum to an eligible individual is a matter of "complete discretion" left to the Attorney General or the Secretary of Homeland Security. *Zhu*, 493 F.3d at 594 (citations omitted).

Chehab has never asserted that his request for asylum was based on race, religion, or nationality. Although he argued before the IJ and the BIA that he was entitled to asylum based on his neutral political opinion, he does not raise that argument before this court. Therefore, he has waived that issue.[3] *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (citations omitted). Chehab argues that he qualifies for asylum based on his "membership in a particular

---

[2] In his petition, Chehab argues that the IJ's credibility determination was clearly erroneous. As noted above, the BIA did not address this conclusion because it found that the IJ had correctly determined Chehab had not established a nexus to an eligible category. As we agree with the BIA's decision to affirm, we also need not consider this alternative argument.

[3] Similarly, Chehab has not argued before this court that the BIA improperly determined that he waived any review of the IJ's order denying his applications for withholding of removal and Convention Against Torture ("CAT") protection.

social group." *See* 8 U.S.C. § 1101(a)(42). That social group, according to Chehab, is single Lebanese men born after 1973 who refuse to join Hezbollah.

In order to establish persecution based on membership in a particular social group for asylum purposes, the alien must show that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citations omitted). In assessing whether a particular social group exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society and (2) whether the group can be defined with sufficient *particularity* to delimit its membership." *Id.* at 519 (internal quotation marks and citation omitted). The BIA's interpretation of "a particular social group" is entitled to deference unless it is arbitrary and capricious, which Chehab has not argued. *See id.* at 520-21.

We find our decision in *Orellana-Monson* to be instructive in this case. There, one of the petitioners sought asylum based on his membership in the particular social group of Salvadoran males between the ages of eight and fifteen who had refused to join a pervasive street gang. 685 F.3d at 515-16. We agreed with the BIA that the proposed group lacked particularity because it was "exceedingly broad and encompasse[d] a diverse cross section of society." *Id.* at 521. We also agreed with the BIA that the proposed group lacked the necessary social visibility because there was "little evidence that people who were recruited to join gangs but refused to do so would be 'perceived as a group' by society." *Id.* at 522. Noting that there was no indication that the gang itself would see people who refused to join as a group within Salvadoran society, we concluded that it was more likely that the gang would perceive those who refused to join just as it does any other person who went against the gang's interest. *Id.* Therefore,

because the petitioner's proposed goup lacked particularity and social visibility, we upheld the BIA's decision that it did not meet the requirements of a particular social group for asylum purposes. *Id.*

The BIA found that Chehab did not satisfy either of its "particular social group" requirements, and we conclude that the reasoning in *Orellana-Monson* is directly applicable here. Accordingly, we hold that Chehab has not established that the evidence compels a conclusion contrary to that of the BIA.

### III.  EXPERT WITNESS EXCLUSION

Chehab argues that he was denied due process when the IJ excluded testimony by his expert witness "solely based on blind adherence" to the timing rules contained in the Immigration Court Practice Manual.

### A.  Standard of Review

Removal proceedings must be conducted "in accord with due process standards of fundamental fairness." *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). We review due process claims de novo. *Id.* (citation omitted). To prevail on such a claim, an alien must show substantial prejudice resulted from the alleged violation. *Id.* Chehab must at least show that the IJ's assessment and exclusion of the purported expert witness, Hage, was an abuse of discretion. *See id.*

### B.  Discussion

The Government objected to Chehab's expert witness, noting that Chehab's notice to the court that he intended to call an expert witness to testify was not only late, but also lacked any summary of the witness' proposed testimony, any information about the expert's area of expertise, and a curriculum vitae. Chehab's counsel explained that the late notice was due to the difficulty in securing the witness, but still did not provide the witness' qualifications or proposed testimony.

No. 12-60588

Contrary to Chehab's assertions, the IJ did not refuse to admit Hage's testimony solely because the witness list was filed past the deadline set for such filings. Instead, the IJ stated,

> [A]s to the expert witness, I can fully acknowledge and appreciate that this gentleman may have come from long distances to be here today. But again, there's [sic] certain rules and regulations that I need to follow in my proceedings. If, perhaps, there had been more information about this expert witness even provided a few days before today as far as his expertise, I might have given more potential possibility to him testifying, but just informing the Court and Government counsel that "an expert witness" would be coming to testify to today's hearing is not sufficient for me, so I will not have him testify.

Thus, the IJ's refusal was grounded on Chehab's failure to provide any information to the court and opposing counsel as to the expert witness' qualifications and/or proposed testimony. We note that Chehab presents no argument related to the IJ's actual reasoning; instead, he treats the decision as purely based on lack of timeliness.

"While the Federal Rules of Evidence are not binding in removal proceedings," they provide "helpful guidance." *Bouchikhi*, 676 F.3d at 180. "An expert witness is broadly defined as someone who is 'qualified as an expert by knowledge, skill, experience, training or education.'" *Id.* (quoting Fed. R. Evid. 702) (citation omitted). "An expert has 'scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Id.* (quoting Fed. R. Evid. 702) (citation omitted).

Chehab presented no evidence that would have enabled the IJ to determine the scope and basis of Hage's purported expertise. It was, therefore, not an abuse of discretion for the IJ to exclude Hage's testimony. *See id.* at 180-81.

No. 12-60588

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Chehab argues that the BIA erred in determining that, although Chehab met the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 637-40 (BIA 1988), for raising a claim of ineffective assistance of counsel, he had not shown the requisite substantial prejudice to prevail on such a claim. Chehab contends that he was prejudiced by counsel's untimely filings because the exclusion of the untimely submitted evidence "directly resulted in the denial of . . . [his] sole form of relief."

### A.  Standard of Review

Chehab raised his ineffective assistance argument before the BIA in a motion to remand filed in conjunction with his appeal.  The BIA routinely treats motions to remand as motions to reopen.  *See Ogbemudia v. INS*, 988 F.2d 595, 600 (5th Cir. 1993).  The BIA applies the same abuse-of-discretion standard to a motion to remand as it does to a motion to reopen.  *Id.*  Such discretion is not to be disturbed "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach."  *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993) (per curiam) (internal quotation marks and citation omitted).

### B.  Discussion

To demonstrate ineffective assistance of counsel in an immigration proceeding, the petitioner must demonstrate substantial prejudice resulting from counsel's performance.  *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 n.2 (5th Cir. 2001) (citation omitted).  Proving prejudice requires that the petitioner make a prima facie showing that, absent counsel's deficient performance, he would have been entitled to the relief he sought.  *Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994) (citation omitted).

No. 12-60588

We first consider whether Chehab has demonstrated any prejudice arising from the IJ's refusal to permit his expert witness to testify and exclusion of his documentary evidence.  Chehab has never established his expert witness' qualifications or specified the intended testimony.  Chehab asserts only that his purported expert "could have corroborated key aspects of Chehab's testimony and other evidence the IJ declined to credit: the reason Hezbollah targeted Mr. Chehab, Chehab's credibility; and the nexus between the persecution of Mr. Chehab and his membership in a particular social group." This lack of specificity prevents Chehab from establishing a prima facie showing that, absent counsel's deficient performance, he would have been entitled to the relief sought.  *See Ali v. Holder*, 484 F. App'x 993, 994 (5th Cir. 2012) (per curiam) (unpublished); *Korneenkov v. Holder*, 347 F. App'x 93, 100 (5th Cir. 2009) (per curiam) (unpublished) (citation omitted).  Additionally, Chehab has not suggested that any of the excluded documentary evidence would have affected the IJ's ultimate determination that Chehab did not belong to a particular social group.  Accordingly, Chehab has not demonstrated that the BIA abused its discretion in rejecting his claim of ineffective assistance of counsel and denying his motion to remand.

## V.  CONCLUSION

For the foregoing reasons, Chehab's petition for review is DENIED.