Karla Vanesa CARDONA–MORALES,
also known as Alba Esmeralda
Anduray–Cea, Petitioner

v.

Eric H. HOLDER, Jr., U.S. Attorney
General, Respondent.

No. 13–60351

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 29, 2014.

Raed Gonzalez, Esq., Senior Attorney, Gonzalez Olivieri, L.L.C., Houston, TX, Julie Marie Iversen, Trial Attorney, U.S. Department of Justice, Washington, DC, Sheridan Gary Green, Gonzalez Olivieri, L.L.C., Houston, TX, for Petitioner.

Tangerlia Cox, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before JOLLY, PRADO, and HAYNES, Circuit Judges.

PER CURIAM: *

Karla Vanesa Cardona–Morales petitions this court for review of a decision of the Board of Immigration Appeals (BIA) denying a motion for reconsideration, which followed a decision of an Immigration Judge (IJ) denying her motion to reopen removal proceedings. Although Cardona–Morales raises several challenges to the determinations made by the IJ and the BIA with respect to the IJ's denial of her motion to reopen and the BIA's denial of her two subsequent motions for reconsideration, the only petition for review before this court challenges the BIA's May 2013 denial of Cardona–Morales's first motion for reconsideration. Accordingly, this court's jurisdiction is limited to those arguments relating to the BIA's May 2013 decision. *See Kane v. Holder,* 581 F.3d 231, 237–38 n. 14 (5th Cir.2009).

In its May 2013 decision, the BIA made three determinations. In this court, Cardona–Morales has briefed no argument challenging the BIA's first determination that she failed to establish any error in the dismissal of her appeal as untimely. She has thus waived any argument that could have been raised. *See Zhu v. Gonzales,* 493 F.3d 588, 593 n. 10 (5th Cir.2007).

Next, there was no abuse of discretion in the BIA's alternative determination that it would not have disturbed the IJ's denial of Cardona–Morales's motion to reopen, even if Cardona–Morales had filed a timely appeal of that decision. *See Zhao v. Gonzales,* 404 F.3d 295, 303–04 (5th Cir.2005). As the BIA observed, the record establishes, contrary to the assertions in the motion to reopen, that Cardona–Morales received sufficient notice of the 1999 removal hearing through personal service. 8 U.S.C. §§ 1229(a)(1), 1229a(b)(5)(C)(ii).

Finally, Cardona–Morales suggests that the BIA's failure to exercise its sua sponte authority to reopen her removal proceedings has resulted in a gross miscarriage of justice. Because the authority to reopen an immigration proceeding sua sponte is entirely discretionary, this court lacks jurisdiction to review a challenge to the BIA's refusal to do so. *Ramos–Bonilla v.*

---

*Mukasey,* 543 F.3d 216, 219–20 (5th Cir. 2008); *see also Ibarra–Gonzalez v. Holder,* 542 Fed.Appx. 341, 341–42 (5th Cir.2013).

Accordingly, the petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

