# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60869

JUAN RAMON TARANGO, also known as Ramon Tarango,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2014

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 398 253

Before KING, JOLLY, and COSTA, Circuit Judges.

PER CURIAM:*

Juan Ramon Tarango petitions this court for review of a decision of the Board of Immigration Appeals denying his request to reopen his case *sua sponte*. For the reasons that follow, we dismiss the petition for lack of jurisdiction.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60869

## I.     Factual and Procedural Background

Juan Ramon Tarango, a citizen of Mexico, entered the United States in 1974 without inspection.  He adjusted his status to that of a lawful permanent resident in 1988.  In May 1996, Tarango was convicted, pursuant to a guilty plea, of unlawfully, intentionally, and knowingly possessing a controlled substance (less than one gram of cocaine) in Harris County, Texas.  The court entered a deferred adjudication of guilt and placed him on two years' probation.

In November 1996, the former Immigration and Naturalization Service ("INS") issued an Order to Show Cause and Notice of Hearing charging that Tarango was deportable based on his controlled substances conviction. Tarango contended that his deferred adjudication did not amount to a "conviction" for purposes of deportation.  On May 27, 1997, the Immigration Judge ("IJ") agreed and terminated Tarango's deportation proceedings.  On appeal, the Board of Immigration Appeals ("BIA") vacated the decision and remanded the proceedings based on recent authority holding that a deferred adjudication under the Texas Code of Criminal Procedure constituted a "conviction" for immigration purposes.  On remand, the IJ determined that Tarango was subject to deportation and that there was "no relief or discretionary consideration potentially available to" Tarango.[1]  The IJ ordered Tarango deported to Mexico.  Tarango again appealed to the BIA, which—after temporarily administratively closing the case—affirmed the IJ's decision without opinion.  Tarango petitioned this court for review; we dismissed the

---

[1] The IJ did not conclude, as Tarango contends, that Tarango was not entitled to relief under former Section 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c), because he committed an aggravated felony.  Rather, the IJ determined that Tarango could not have been placed in removal proceedings—as opposed to deportation proceedings—because the Order to Show Cause was issued in November 1996 and removal proceedings could not be instituted until April 1, 1997.

2

No. 13-60869

petition for lack of jurisdiction on July 22, 2002.  Tarango was deported to Mexico in March 2009.

On February 21, 2012, Tarango submitted to the BIA a motion to reopen his case, arguing that he should have been placed in removal proceedings (rather than deportation proceedings) and that he was eligible for cancellation of removal.  The BIA denied the motion, determining that the "departure rule"—which prohibits a party from filing a motion subsequent to his removal from the United States, 8 C.F.R. § 1003.2(d)—applied to bar Tarango's motion.  The BIA alternatively found that there was no merit to Tarango's argument that he should have been placed in removal proceedings, and that because he was placed in deportation proceedings, he was ineligible for cancellation of removal.  Subsequently, the Fifth Circuit held that the departure rule is not a valid basis for denying a statutorily authorized motion to reopen or reconsider. *See Garcia-Carias v. Holder*, 697 F.3d 257, 265 (5th Cir. 2012); *Lari v. Holder*, 697 F.3d 273, 278 (5th Cir. 2012).

On June 18, 2013, Tarango filed a second motion to reopen, requesting that the BIA reopen his proceedings *sua sponte* pursuant to 8 C.F.R. § 1003.2(a), so that he could apply for a waiver of deportation under former Section 212(c) of the INA.  On November 20, 2013, the BIA denied the motion, deeming it "untimely and number-barred," and concluding that "such a motion does not fall within any exception to the time and numerical limits for a motion to reopen."  Moreover, the BIA declined to exercise its authority to reopen the proceedings *sua sponte*, as Tarango did not contest that his cocaine possession conviction supports the charge of deportability.  The BIA also concluded that Tarango was statutorily ineligible for relief under Section 212(c) because he is no longer lawfully admitted for permanent residence in the United States. Tarango timely petitioned this court for review of that order.

3

No. 13-60869

## II.    Discussion

Tarango raises various arguments relating to the merits of his deportation and the propriety of the decisions below—none of which we have the power to reach.  The applicable regulations make clear that a party may file only one motion to reopen before the BIA, and that the motion must be filed within ninety days of the final administrative decision rendered in the proceeding sought to be reopened.  *See* 8 C.F.R. § 1003.2(c).  Accordingly, Tarango's second motion to reopen—filed years after his deportation—is both time and number-barred.  Tarango therefore must rely on the BIA's power to *sua sponte* reopen proceedings.  *See id.* § 1003.2(a).[2]  Furthermore, Tarango's petition for review challenges only the BIA's November 20, 2013 denial of this second motion to reopen.[3]  Tarango argues that "the [BIA] abused its discretion in not reopening [the proceedings] *sua sponte*."  However, we have repeatedly held that this court lacks jurisdiction over challenges to the BIA's failure to exercise its *sua sponte* authority to reopen, as "[t]he authority to sua sponte reopen deportation proceedings is entirely discretionary."  *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010); *Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008) ("[T]his court lacks jurisdiction to review the BIA's denials of Ramos's motions to reopen."); *see also Enriquez-Alvarado v. Ashcroft*,

---

[2] Tarango has conceded that he "is not contending before this Court that his [second] motion to reopen was timely."

[3] Tarango makes clear that he "is not seeking review of [the BIA's August 2012] decision" denying his first motion to reopen.  Indeed, Tarango could have challenged that decision only by filing a separate petition for review of that order.  *See* 8 U.S.C. § 1252(b)(6); *Kane v. Holder*, 581 F.3d 231, 238 n.14 (5th Cir. 2009) ("[T]he statutory text of 8 U.S.C. § 1252(b)(6) . . . contemplates the filing of separate petitions for review following both the BIA's initial order and the resolution of any subsequent motion to reconsider or reopen."); *Cardona-Morales v. Holder*, 576 F. App'x 374, 374 (5th Cir. 2014) (unpublished) ("Although Cardona–Morales raises several challenges to the determinations made by the IJ and the BIA with respect to the IJ's denial of her motion to reopen and the BIA's denial of her two subsequent motions for reconsideration, the only petition for review before this court challenges the BIA's May 2013 denial of Cardona–Morales's first motion for reconsideration.  Accordingly, this court's jurisdiction is limited to those arguments relating to the BIA's May 2013 decision.").

371 F.3d 246, 250 (5th Cir. 2004) ("[A] reviewing court has no legal standard against which to judge an IJ's decision not to invoke its *sua sponte* authority.").

Although we have never recognized an exception to this rule, Tarango argues that we have jurisdiction to hear a challenge to the BIA's refusal to *sua sponte* reopen proceedings where the refusal constitutes a "gross miscarriage of justice." However, Tarango offers no support for that proposition, citing only cases holding that a gross miscarriage of justice is a prerequisite to a collateral attack on a removal order. *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 514 (5th Cir. 2006); *Lara v. Trominski*, 216 F.3d 487, 492–94 (5th Cir. 2000). But these cases do not involve challenges to the BIA's failure to reopen proceedings *sua sponte*, and there is no authority suggesting any "gross miscarriage of justice" exception to our lack of jurisdiction over such orders. Indeed, in an unpublished opinion, we determined that we lacked jurisdiction even where the petitioner "suggest[ed] that the BIA's failure to exercise its sua sponte authority to reopen her removal proceedings has resulted in a gross miscarriage of justice." *Cardona-Morales v. Holder*, 576 F. App'x 374, 374 (5th Cir. 2014) (unpublished). Similarly, although Tarango has not raised a due process claim related to the BIA's refusal to exercise its *sua sponte* authority,[4] we have rejected such claims because "there is no liberty interest at stake in a motion to reopen." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006); *see also Khan v. Holder*, 384 F. App'x 355, 356 (5th Cir. 2010) (unpublished) ("The BIA may reopen a matter sua sponte at any time but the decision to do so is entirely within its discretion. . . . To the extent that Khan argues that the denial of the motion to reopen violates his due process rights,

---

[4] Tarango briefly notes, without further discussion or argument, that "his previous removal [was] unlawful as his due process was abridged" and that "a motion to reopen is a critical due process protection." This is insufficient to raise a due process claim, as "[i]t is not enough to merely mention or allude to a legal theory" to properly raise it. *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010) (internal quotation marks omitted).

No. 13-60869

he has no constitutionally protected interest in discretionary relief."). Thus, we lack jurisdiction over Tarango's petition.

### III. Conclusion

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction.