# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60507

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2017

Lyle W. Cayce
Clerk

JUAN S. SALGADO,

> Petitioner,

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

> Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A090 348 499

Before HIGGINBOTHAM, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Petitioner Juan Salgado seeks review of a decision by the Board of Immigration Appeals dismissing his appeal from an immigration judge's decision that he lacked jurisdiction to consider Salgado's post-removal request to reopen his prior removal proceedings. For the reasons that follow, we deny the petition in part and dismiss the petition in part for lack of jurisdiction.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-60507

**I**

Salgado is a native and citizen of Mexico. He was formerly a lawful permanent resident of the United States, but he was deported in 2009 after pleading guilty in Texas to the "aggravated felony" of evading arrest. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). Salgado did not appeal that removal order and was removed to Mexico. Three years later, he returned to the United States and was placed in removal proceedings. Salgado requested that the immigration judge hold the proceedings in abeyance while he challenged the 2009 conviction that had rendered him removable. The IJ denied the motion but expressed to Salgado that if his prior conviction were vacated before he perfected his appeal to the BIA, the IJ would "reopen the case and . . . look at it again." The IJ emphasized, however, that once Salgado appealed to the BIA, the IJ would "no longer have any authority over the case."

Salgado appealed the IJ's decision to the BIA. While the BIA appeal was pending, the state court vacated Salgado's aggravated felony conviction on double jeopardy grounds. Once the BIA was notified of the vacatur, it remanded the appeal to the IJ without opposition to consider the vacatur's effect on the removal proceedings.

On remand, the IJ ruled that the immigration court lacked jurisdiction to reopen, either on Salgado's motion or sua sponte, for two reasons. First, the ninety-day period in which Salgado could have moved to reopen the 2009 removal order under statutory authority, namely 8 U.S.C. § 1229a(c)(7)(C)(i), had long expired. Second, jurisdiction was barred under the regulatory "departure bar" provision of 8 C.F.R. § 1003.23(b)(1) because Salgado had been deported. The IJ stated that if "the [BIA] determines that the court HAS jurisdiction to reopen respondent's prior removal proceedings under its own authority, this court would have done so."

2

No. 14-60507

Salgado appealed to the BIA, arguing (1) that section 1003.23(b)(1) should be construed as allowing an IJ to reopen removal proceedings "at any time" regardless of whether the alien making the request has been deported; (2) that the refusal to reopen proceedings to correct a removal order that was based on an invalid conviction deprived him of due process of law and fundamental fairness; and (3) that his prior immigration counsel was ineffective for failing to challenge the aggravated felony conviction. But the BIA affirmed the IJ's decision, agreeing that the IJ lacked jurisdiction because a motion to reopen would be untimely and because the departure bar precluded sua sponte reopening. Salgado timely filed the instant petition for review in this court.

We initially determined that Salgado had shown no statutory or regulatory ground for reopening, and we held, under then-controlling precedent, that we lacked jurisdiction over any claim for equitable tolling because such a claim is wholly discretionary. *Salgado v. Lynch*, 609 F. App'x 233, 235 (5th Cir. 2015) (per curiam). But we later vacated that opinion in light of the Supreme Court's subsequent holding in *Mata v. Lynch*, 135 S. Ct. 2150 (2015), that this court has jurisdiction and an obligation to review the denial of a motion to reopen, even where the decision is based on untimeliness or the denial of equitable tolling. We then held Salgado's appeal in abeyance pending a final decision in *Lugo-Resendez v. Lynch*, 831 F.3d 337 (5th Cir. 2016), in which we ruled that equitable tolling applies to the ninety-day period for statutory reopening. Now that the decision and mandate in *Lugo-Resendez* have issued, we rule on this appeal.

## II

We have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D). We review the BIA's order but consider the IJ's decision to the extent it influenced the BIA's decision. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). The denial of a mo-

No. 14-60507

tion to reopen is reviewed under a highly deferential abuse of discretion stand-ard, and the denial must be affirmed "as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* A reviewing court "may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Id.*

## III

The authority to reopen removal proceedings is provided either by regu-lation or by statute.

In the regulatory context, an alien can invoke the power to sua sponte reopen proceedings under either 8 C.F.R. § 1003.23(b), which provides the Im-migration Court's authority, or 8 C.F.R. § 1003.2(a), which provides the BIA's. *See Lugo-Resendez*, 831 F.3d at 340–41. That said, the Attorney General has promulgated regulations that preclude motions to reopen by or before the Immi-gration Court, 8 C.F.R. § 1003.23(b)(1), or by or before the BIA, *id.* § 1003.2(d), that are filed by any alien who is subject to removal, deportation, or exclusion proceedings after the alien's departure from the United States. The BIA inter-prets these regulations (collectively referred to as the "departure bar") to "cate-gorically strip the BIA and the Immigration Court of jurisdiction to consider motions to reopen filed by departed aliens." *Lugo-Resendez*, 831 F.3d at 341. We have previously concluded that the BIA's interpretation of these regulations is reasonable. *Navarro-Miranda v. Ashcroft*, 330 F.3d 672, 675–76 (5th Cir. 2003).

In the statutory context, 8 U.S.C. § 1229a provides that an alien may file one motion to reopen his removal proceedings, but he must file that motion within ninety days after the date of the final order of removal. 8 U.S.C. §§ 1229a(c)(7)(A) & 1229a(c)(7)(C)(i). This provision contains no departure bar. *Garcia-Carias v. Holder*, 697 F.3d 257, 263 (5th Cir. 2012).

No. 14-60507

## A

*Lugo-Resendez* forecloses Salgado's argument that the IJ had regulatory authority to sua sponte reopen his removal proceedings. There, we recognized the continued viability of *Ovalles v. Holder*, 577 F.3d 288 (5th Cir. 2009), in which we held that the departure bar on motions to reopen "applies and was intended to apply to aliens who depart the country following the termination of their removal proceedings," and in which we ruled that the BIA did not act arbitrarily and capriciously in applying the departure bar to an alien who had filed a motion to reopen post-removal, despite the fact that legal basis for his removal was later determined to be erroneous. *See Lugo-Resendez*, 831 F.3d at 341–43 (quoting *Ovalles*, 577 F.3d at 298). Though we retreated from *Ovalles* in *Garcia-Carias*, when we held that the departure regulations did not apply to statutory motions to reopen under Section 1229a, *see Garcia-Carias*, 697 F.3d at 263–65, *Ovalles*'s holding vis-à-vis the regulatory departure bar remains intact.

It is undisputed that Salgado did not seek to reopen his prior removal proceedings until years after he had been removed from the United States. Thus, the departure bar operates to mandate the conclusion that, under the regulations, no jurisdiction exists to reopen his proceedings. The fact that the conviction that resulted in Salgado's removal was vacated due to a constitutional violation does not change this result. The language of the departure bar regulations are clear, and that language provides no exceptions.[1] *See Ovalles*, 577 F.3d at 298. We find the BIA's decision on this ground to be neither arbitrary nor capricious.

---

[1] *See* 8 C.F.R. § 1003.23(b)(1) ("Before the Immigration Court . . . [a] motion to reopen or to reconsider shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States."); *id.* § 1003.2(d) ("A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States.").

No. 14-60507

Salgado alternatively argues that the denial of sua sponte regulatory re-opening deprives him of due process and results in a miscarriage of justice because his underlying conviction was vacated as unconstitutional. This argument fails for three reasons. First, an alien cannot establish a due process violation in the denial of a motion to reopen because "there is no liberty interest at stake in a motion to reopen." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 551 (5th Cir. 2006) (per curiam); *see also Tarango v. Holder*, 592 F. App'x 293, 296 (5th Cir. 2014) (per curiam). Second, "a change in the legal status of an underlying conviction does not create a constitutional right to reopen one's removal proceedings." *Ovalles*, 577 F.3d at 299. And third, we cannot permit Salgado's collateral challenge to his original removal proceedings on miscarriage-of-justice grounds because Salgado did not appeal his 2009 removal order to contest the determination of removability. *See Ramirez-Molina v. Ziglar*, 436 F.3d 508, 514 (5th Cir. 2006) (finding that an alien's failure to contest his removability in his original deportation proceedings is a "critical factor in denying claims that deportation proceedings constituted a gross miscarriage of justice"). The belated vacatur of his conviction does not alter the principle that for immigration purposes an alien's "conviction and sentence are final" when no direct appeal is pending and the time for an appeal has long since expired, *Okabe v. INS*, 671 F.2d 863, 865 (5th Cir. 1982), nor does it alter the fact that for immigration purposes Salgado's Texas conviction was final at the time he was ordered removed.

Salgado also claims that his former immigration attorney rendered ineffective assistance by failing to research and investigate the Double Jeopardy issue prior to his removal. Reopening removal proceedings based on ineffective assistance of counsel is warranted only if the alien "(1) provides an affidavit attesting to the relevant facts, including a statement of the terms of the attorney-client agreement; (2) informs counsel of the allegations and allows counsel an opportunity to respond; and (3) files a grievance or explains why a grievance

6

No. 14-60507

has not been filed against the offending attorney." *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012). Salgado did not comply, or even attempt to comply, with these requirements, and he provides no facts to support his bare allegation of ineffective assistance. His conclusory assertion that he is entitled to relief entitles him to no relief. *See Cal. Gas Transp., Inc. v. NLRB*, 507 F.3d 847, 857 n.3 (5th Cir. 2007); *see also Ali v. Holder*, 484 F. App'x 993, 994 (5th Cir. 2012) (per curiam).

## B

Salgado suggests that he made a timely request for statutory reopening under 8 U.S.C. § 1229a. But he offers no legal support for his assertion that his request was timely because it was made within ninety days of the vacatur of his state conviction, rather than within ninety days of his 2009 removal order, as required by the statute. More to the point, to the extent that Salgado even raises this issue here, we lack jurisdiction to consider it because he failed to first present it to the BIA.[2] *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) ("Judicial review of a final order of removal is available only where the applicant has exhausted all administrative remedies of right. Failure to exhaust an issue creates a jurisdictional bar as to that issue. 'An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen.' (citations omitted) (quoting *Wang v. Ashcroft*, 260 F.3d 448, 452–53 (5th Cir. 2001))).

\*      \*      \*

Based on the foregoing, the petition for review is DISMISSED in part for lack of jurisdiction with respect to Salgado's claims concerning statutory reopening. The petition is otherwise DENIED.

---

[2] Even had Salgado raised this issue before the BIA, we would have to rule that the issue was abandoned here because he did not brief it here. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).