# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60733
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2016

Lyle W. Cayce
Clerk

LOVEPREET SINGH,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 195 242

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Lovepreet Singh, a native and citizen of India, petitions for review of the order by the Board of Immigration Appeals (BIA) denying his second motion to rescind and reopen an *in absentia* order of removal. He challenges the BIA's conclusion that he does not merit equitable tolling of the otherwise number-barred and time-barred motion. In support of his claim for equitable tolling,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60733

Singh argues that he suffered from ineffective assistance of counsel from the attorney who prepared his first motion to rescind.

This court has jurisdiction to review an alien's request for equitable tolling of a motion to reopen deadline or number bar. *Mata v. Lynch*, 135 S. Ct. 2150, 2154 (2015); *Lugo-Resendez*, ___ F.3d ___, No. 14-60865, 2016 WL 4056051, at *2 (5th Cir. July 28, 2016). We review the order of the BIA, but we will also consider the underlying decision of the immigration judge if it influenced the BIA's decision. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). In reviewing the denial of a motion to rescind and reopen, "this court applies a highly deferential abuse-of-discretion standard, regardless of the basis of the alien's request for relief." *Id.* The decision to deny constitutes an abuse of discretion if it is "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* Generally speaking, motions to reopen removal proceedings are disfavored, and the moving party must satisfy a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006).

Although Singh argues that his former attorney unreasonably waited longer than 180 days before filing the motion, it is immaterial here why the attorney waited that length of time. Because there was no deadline for the notice-based motion to rescind and reopen, the 180-day deadline only applied if the proper legal strategy was to file a motion to rescind and reopen that demonstrated that Singh's "failure to appear was *due to* exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(C)(i) (emphasis added).

The record does not support the conclusion that Singh's failure to appear was due to ineffective assistance of counsel. Instead, the record supports that Singh's failure to appear was due to his own noncompliance with his duties to (1) update the immigration court with his address and (2) maintain

2

communication with his counsel of record at the time. Although Singh was warned by immigration authorities of his duty to keep his address updated, he admits that he moved to an address other than the address that he gave to the immigration authorities upon his release from detention. 8 U.S.C. § 1229(a)(1)(F) (requiring the alien to immediately provide his address to the Immigration Court); *see* § 1229a(b)(5)(A) (indicating that the § 1229(a)(1)(F) address is the one most recently provided). Moreover, Singh was personally served with the Notice to Appear, which provided him warnings of the consequences of a failure to appear, in compliance with the statutory warning and notice requirements. § 1229(a)(2)(A); § 1229a(b)(5). Nor did Singh maintain communication with his attorney of record, who forwarded the hearing notice to Singh's § 1229(a)(1)(F) address. Additionally, Singh never attempted to contact the Immigration Court concerning his new address. Finally, the attorney whom Singh alleges was ineffective was not even counsel of record at the time that Singh failed to appear. These facts all support the conclusion that Singh's failure to appear was not due to exceptional circumstances in the form of ineffective assistance of counsel. Here, counsel's strategic decision to forgo such an exceptional circumstances argument was not ineffective assistance. Thus, we are satisfied that the BIA's reasoning was not "capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios*, 560 F.3d at 358.

The petition for review is therefore DENIED.