# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60016
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2020

Lyle W. Cayce
Clerk

LOVEPREET SINGH,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 195 242

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Lovepreet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reconsider his 2012 *in absentia* removal order. Relying primarily on *Pereira v. Sessions*, 138 S. Ct. 2105, 2109–10 (2018) (resolving "narrow question" that Notice to Appear (NTA) omitting time or place of removal proceeding does not trigger 8 U.S.C. § 1229a's "stop-time" rule for cancellation of removal), Singh contends the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

immigration court lacked jurisdiction to order his *in absentia* removal because his NTA, omitting his removal proceeding's time and date, was not a valid charging document.   In the alternative, Singh asserts that, even if the immigration court had jurisdiction, *Pereira* nonetheless requires his *in absentia* removal order be rescinded because he did not receive adequate notice of his removal hearing.   (Despite the Government's contention otherwise, Singh exhausted his alternative claim before the BIA, notwithstanding the claim's being more developed in his briefing in our court.  *See Omari v. Holder*, 562 F.3d 314, 321–22 (5th Cir. 2009) (requiring petitioner "fairly present" issue by taking "some affirmative action" to present "concrete statement before the BIA to which [he] could reasonably tie [his] claims before [our] court"); *Carranza-De Salinas v. Gonzales*, 477 F.3d 200, 206–07 (5th Cir. 2007) (concluding petitioner exhausted claim presented before BIA in broader, less-developed form than in petition for review).)

This is Singh's third challenge to his *in absentia* removal order.   An immigration judge denied his first challenge, a motion to reopen claiming the NTA he received warned him insufficiently of the consequences of failure to appear.   He did not challenge this ruling before the BIA.   Our court denied his second challenge, a petition for review of the BIA's denying his second motion to reopen, which claimed ineffective assistance of counsel.  *See Singh v. Lynch*, 670 F. App'x 216, 216–18 (5th Cir. 2016).

For obvious reasons, the BIA's denial of a motion to reconsider is reviewed "under a highly deferential abuse-of-discretion standard".  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (citations omitted).   Under that standard, the BIA's decision will be affirmed unless it was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational

No. 19-60016

that it is arbitrary rather than the result of any perceptible rational approach". *Id.* at 304 (citation omitted).

Singh's claims fail. Where, as in this instance, the NTA specifies, *inter alia*, "the nature of the proceedings, the legal authority for the proceedings, and [a] warning about the possibility of *in absentia* removal", it is not defective as a charging document. *See Pierre-Paul v. Barr*, 930 F.3d 684, 690 (5th Cir. 2019), *petition for cert. filed*, 88 U.S.L.W. 3212 (U.S. 16 Dec. 2019) (No. 19-779) (citations omitted). Moreover, even assuming *arguendo* an NTA lacking the removal hearing's time and date were defective under *Pereira*, the defect would be cured by a subsequent notice-of-hearing's including the hearing's time and date. *See id.* at 690–91. Singh's attorney received such notice, and Singh does not contend notice to his attorney was defective.

DENIED.